WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice* pending)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice* pending)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice* pending)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>      **Debtor.**<br><br>**Tax I.D. No. 94-3234914**<br><br>**In re:**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>      **Debtor.**<br><br>**Tax I.D. No. 94-0742640** | Case Nos.   19 - _____ (\_\_\_)<br>       19 - _____ (\_\_\_)<br><br>Chapter 11<br><br>**MOTION OF DEBTORS PURSUANT TO FED. R. BANKR. P. 1015(b) FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**<br><br>Date:<br>Time:<br>Place: |

Debtors' Motion Directing Joint Administration

PG&E Corporation ("**PG&E Corp.**") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this Motion (the "**Motion**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking joint administration of the Chapter 11 Cases for procedural purposes only.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in either of the Chapter 11 Cases.

Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtors' businesses and capital structure is set forth in the Declaration of Jason P. Wells, Senior Vice President and Chief Financial Officer of PG&E Corp., filed contemporaneously herewith in support of the Debtors' chapter 11 petitions and related first day relief (the "**Wells Declaration**").

## III. RELIEF REQUESTED

Pursuant to Bankruptcy Rule 1015(b), the Debtors request entry of an order directing consolidation of their Chapter 11 Cases for procedural purposes only. The Debtors respectfully request that each of their Chapter 11 Cases be administered under a consolidated caption, in the following form:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| **In re:** § | Case No. 19-_____ (___) |
| § | |
| **PG&E CORPORATION** *et al.*, § | **Chapter 11** |
| § | |
| **Debtors.**[1] § | **(Jointly Administered)** |

The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of the Court to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Bankruptcy Rule 1015(b) directing the procedural consolidation and joint administration of the Chapter 11 Cases as set forth in the Motion of Debtors Pursuant to Fed. R. Bankr. P. 1015(b) for Entry of Order Directing Joint Administration of Chapter 11 Cases, as filed on the docket in Case No. 19-[_____] ( ). The docket in Case No. 19-[_____] ( ) should be consulted for all matters affecting the case.

Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Under section 101(2) of the Bankruptcy Code, the term "affiliate" includes:

> [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: PG&E Corporation [4914] and Pacific Gas and Electric Company [2640]. The Debtors' mailing address is 77 Beale Street, P.O. Box 770000, San Francisco, California 94177.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

The term "affiliate" also includes parents and subsidiaries of the debtor and entities that operate or are operated by the debtor. See 11 U.S.C. § 101(2); *Collier on Bankruptcy*, § 101 (16th ed. rev. 2018). As set forth in the Wells Declaration, PG&E Corp. owns 100% of the common stock of the Utility, which represents approximately 96% of the Utility's total outstanding voting securities. Accordingly, this Court is authorized to jointly administer these Chapter 11 Cases for procedural purposes.

Joint administration of these Chapter 11 Cases will save the Debtors and their estates time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Further, joint administration will relieve the Court from entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for Region 17 (the "**U.S. Trustee**") and other parties in interest will similarly benefit from joint administration of these Chapter 11 Cases, being spared the time and effort of reviewing duplicative dockets, pleadings, and papers.

Joint administration will not adversely affect the rights of parties in interest because this Motion requests only the administrative consolidation of the estates for procedural purposes, not substantive consolidation. Accordingly, for example, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

Finally, in connection with the joint administration of these Chapter 11 Cases, the Debtors request authority to file the monthly operating reports required by the *Region 17 United States Trustee Guidelines* dated December 16, 2016, on a consolidated basis. L.B.R. 2015-2(e).

The Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and all parties in interest, and should be granted.

### IV. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: James L. Snyder, Esq. and Timothy Laffredi, Esq.); (ii) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the Office of the California Attorney General; (vi) the California Public Utilities Commission; (vii) the Nuclear Regulatory Commission; (viii) the Federal Energy Regulatory

Commission; (ix) the Office of the United States Attorney for the Northern District of California; (x) counsel for the agent under the Debtors' proposed debtor in possession financing facilities; and (xi) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 29, 2019

**WEIL, GOTSHAL & MANGES LLP**

**KELLER & BENVENUTTI LLP**

By: /s/ Tobias S. Keller
     Tobias S. Keller

*Proposed Attorneys for Debtors and Debtors in Possession*