SEYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
Christopher J. Harney (SBN 322306)
charney@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

*Attorneys for*
*Turner Construction Company*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>Debtors.<br><br>In re:<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>Debtors. | Case No.: 19-30089<br>Chapter 11<br>Hon. Dennis Montali<br><br>(Request for joint administration pending)<br><br>**TURNER CONSTRUCTION COMPANY'S PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' OPERATIONAL INTEGRITY MOTION (DKT. NO. 12), LIEN CLAIMANTS MOTION (DKT. NO. 13) AND DIP FINANCING MOTION (DKT. NO. 22)** |

Creditor Turner Construction Company ("Turner") hereby files this preliminary objection to the Motion to Pay Prepetition Obligations Owed to Certain Safety and Reliability, Outage, and Nuclear Facility Suppliers (Dkt. No. 12) (the "Operational Integrity Motion"), Motion to Pay Prepetition Obligations Owed to Lien Claimants (the "Lien Claimants Motion") (Dkt. No. 13), and Motion to Authorize Senior Secured, Superpriority, Postpetition Financing (the "DIP Financing Motion") (Dkt. No. 22) (collectively, the "Motions") filed by Debtors PG&E Corporation ("PG&E Corp.") and Pacific Gas & Electric Company (the "Utility") (collectively, the "Debtors"). In support thereof, Turner respectfully states as follows:

## BACKGROUND

The Utility and Turner are counterparties to a Master Services Agreement, as amended, pursuant to which Turner has provided prepetition and postpetition construction services on various projects. Turner and its numerous subcontractors continue to provide construction services on numerous projects, including mission critical work with respect to the Debtors' energy grid. Turner is owed at least $20 million for unpaid prepetition services that it has performed for the Debtors (which includes over $6.6 million in retainage) and is also owed an increasing amount for postpetition services being provided to the Debtors. Notably, Turner's prepetition and postpetition claims against the Debtors are secured by constitutional and statutory liens in favor of Turner against the Debtors' property and equipment for amounts owed.[1]

## OBJECTIONS

### A. The Operational Integrity Motion

In the Operational Integrity Motion, the Debtors request authority to pay prepetition obligations totaling $116,200,000 owed to certain vendors, suppliers, service providers, and other creditors that the Debtors argue are critical to the Debtors' operations (the "Critical Vendors"). Although the Debtors state that certain vendors are critical to their operations, they fail to identify with specificity a single Critical Vendor that they intend to pay pursuant to the motion or the amount that they request to pay any Critical Vendor. Instead, the Debtors propose to delegate the responsibility of designating particular vendors as critical to a "Supplier Management Committee." The Debtors provide scant details regarding this committee, including which individuals will serve on the committee, their qualifications, how the committee will reach its determinations, by when the determinations will be reached, or whether said determinations will remain subject to this Court's review and approval.

The Debtors have not provided sufficient details regarding the nature and scope of the relief sought in order to permit a thorough vetting of the Operational Integrity Motion. Therefore, Turner

---

[1] As the Debtors acknowledge, Turner is entitled to administrative expense priority status with respect to the Debtors' unpaid obligations arising from Turner's postpetition services. (*See* Lien Claimants Motion, at 15:27-16:1 (citing 11 U.S.C. § 503(b)(1)(A)).)

2

TURNER CONSTRUCTION COMPANY'S PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' OPERATIONAL INTEGRITY, LIEN CLAIMANTS, AND DIP FINANCING MOTIONS
CASE NO. 19-30089

54655963v.1

Case: 19-30089   Doc# 123   Filed: 01/31/19   Entered: 01/31/19 01:48:37   Page 2 of 4

objects on a preliminary basis and reserves all of its rights with respect to the interim and final relief sought in the Debtors' Operational Integrity Motion.

### B. The Lien Claimants Motion

In the Lien Claimants Motion, the Debtors request authority to pay prepetition claims of certain creditors who provide goods and services to the Debtors and may be permitted to assert statutory or possessory liens against the Debtors' property and equipment in the event of non-payment (the "Lien Claimants"). In particular, the Debtors propose to pay approximately $25,800,000 on an interim basis and $65,500,000 on a final basis to the Lien Claimants on a "case-by-case basis."

The Debtors' Lien Claimants Motion lacks details regarding the criteria the Debtors intend to use to determine which creditors will be paid pursuant to the motion, how much they will be paid, and whether determinations regarding payments will be subject to this Court's review and approval. In fact, the Lien Claimants Motion provides even fewer details than the Operational Integrity Motion with respect to how the Debtors will identify which creditors will receive payments pursuant to the motion. The Debtors have not provided sufficient details regarding the nature and scope of the relief sought in order to permit a thorough vetting of the Lien Claimants Motion. Therefore, Turner objects on a preliminary basis and reserves all of its rights with respect to the interim and final relief sought in the Debtors' Lien Claimants Motion.

### C. The DIP Financing Motion

Turner understands from the DIP Financing Motion, the proposed order thereto, and representations made to Turner's counsel by the Debtors' counsel that the "DIP Liens" granted pursuant to the DIP Financing Motion will be junior and subject to perfected repairmen/materialmen/mechanic's liens (defined in the DIP Financing Motion as "Senior Permitted Liens" and "Permitted Prior Liens"). Based on the representations made by the Debtors' counsel, Turner does not object to the DIP Financing Motion at this time, but reserves its right to object to the DIP Financing Motion and the relief sought therein on a final basis.

3

TURNER CONSTRUCTION COMPANY'S PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' OPERATIONAL INTEGRITY, LIEN CLAIMANTS, AND DIP FINANCING MOTIONS
CASE NO. 19-30089

54655963v.1

Case: 19-30089    Doc# 123    Filed: 01/31/19    Entered: 01/31/19 01:48:37    Page 3 of 4

## RESERVATION OF RIGHTS

Turner reserves the right to: (a) amend, supplement or otherwise modify this preliminary objection on any grounds whatsoever, regardless of whether those grounds are addressed herein; (b) to raise such other and further objections to the extent that the Debtors' Motions are continued; and (c) to raise such other and further objections when the Debtors seek entry of a final order with respect to the relief sought in the Motions.

DATED: January 31, 2019

SEYFARTH SHAW LLP

By: /s/ M. Ryan Pinkston
    M. Ryan Pinkston
    Christopher J. Harney

*Attorneys for Turner Construction Company*

4

TURNER CONSTRUCTION COMPANY'S PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' OPERATIONAL INTEGRITY, LIEN CLAIMANTS, AND DIP FINANCING MOTIONS
CASE NO. 19-30089
54655963v.1

Case: 19-30089    Doc# 123    Filed: 01/31/19    Entered: 01/31/19 01:48:37    Page 4 of 4