# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 5, 2019

The Honorable Dennis Montali
United States Bankruptcy Court for the
Northern District of California
450 Golden Gate Ave., 16th Floor
San Francisco, CA 94102

Re:     *PG&E Corporation and Pacific Gas and Electric Company (19-30088)*

Dear Judge Montali:

   We write on behalf of the Ad Hoc Subrogation Group in response to the Debtors' letter, dated August 2, 2019, regarding the proposed Protective Order. As described below, the "reservation of rights" language the Debtors have proposed in the Protective Order is actually an effort to re-litigate the issue this Court has already decided concerning the Ad Hoc Subrogation Group's ability to share information with the lawyers who are advising them in these cases. The Debtors' proposal should be rejected by the Court.

   As the Court may recall, during the hearing on July 9, 2019, the Debtors argued against allowing non-bankruptcy attorneys who represent members of the Ad Hoc Subrogation Group in currently-stayed state court proceedings ("Subrogation Counsel") from accessing information marked "Confidential" or "Professional Eyes Only," absent express permission from the Debtors. Such permission would presumably have to be obtained on a document-by-document or production-by-production basis. The Ad Hoc Subrogation Group argued that such a provision would be prejudicial because, among other reasons, Subrogation Counsel are intimately involved in representing their respective clients in these bankruptcy cases (indeed, the primary issue in these cases from the Group's perspective is the value of their subrogation claims, about which Subrogation Counsel has specialized experience), and the Debtors' proposal would effectively require subrogation claimants to obtain permission from the Debtors each time they wanted to receive advice from their respective Subrogation Counsel. (Hr. Tr. at 91:13-94:19, 102:7-103:13 (July 9, 2019)). Given the size, speed and complexity of these cases, not to mention the volume of documents the Debtors are likely to produce, such a process would be unmanageable. (*Id.*) This Court ruled in favor of the Ad Hoc Subrogation Group, and ordered that the Protective Order to be modified to reflect that ruling. (*Id.* at 111:13-25.)

NEW YORK   WASHINGTON   HOUSTON   PALO ALTO   PARIS   LONDON   FRANKFURT   BRUSSELS   MILAN   ROME

Case: 19-30089    Doc#    Filed: 08/05/19    Entered: 08/05/19 09:21:41    Page 1 of 3

Since that time, the Debtors have proposed adding the following two sentences to the Protective Order. These two sentences are currently the subject of dispute. Set forth below is the Ad Hoc Subrogation Group's position supported by excerpts from the hearing before the Court.

***First***, the Debtors propose including the following: "Nothing in this definition of Outside Counsel prevents or prejudices a Producing Party from taking the position that Subrogation Outside Counsel should not be provided with particular discovery or from raising that issue with the Court." The Debtors attempt to portray this proposed language as a mere "reservation of rights." (August 2, 2019 Letter at 2.) In reality, including this language would allow the Debtors to take the position that they can restrict the ability of Subrogation Counsel to access discovery materials, and is an open invitation for re-litigation of this same issue – the ability of Subrogation Counsel to view protected material – for the rest of these cases. At the July 9 hearing, the Court rejected just such a suggestion by Debtors' counsel:

> MR. TSEKERIDES: . . . [If counsel] sends us a request from his ad hoc committee, perfectly legitimate, I can't say no to Mr. McCallen on that, but what you're saying is well, if he's going to give it to a subro attorney now, I should say no and then come here and have a discussion with you.
>
> THE COURT: No, no, you shouldn't.
>
> MR. TSEKERIDES: I should –
>
> THE COURT: You should say yes, and –
>
> MR. TSEKERIDES: Exactly. So but if . . . I say yes, how am I going to stop him from giving it to his subro person?
>
> THE COURT: But what is the harm of giving it to the subro person? What are you – what am I missing here? If you can give it to your opponent who happens to be more bankruptcy knowledgeable, why are you at risk – why is the company being prejudiced by his sharing it with someone that has a different specialty?
>
> MR. TSEKERIDES: Well, because the person with the different specialty wants to use it for a lawsuit or a claim against --
>
> THE COURT: But that doesn't --
>
> MR. TSEKERIDES: -- the Debtor.
>
> THE COURT: -- mean he can. It doesn't mean he can use it for another purpose. It's not an invitation. You're not waiving the stay. His co-counsel can't run down to state court and file suit against the debtor, or he'll be dragged in here for contempt.
>
> (Omnibus Hr. Tr. at 109:15 – 110:17.)

The Debtors' proposed addition to the Protective Order is particularly problematic given that, since the July 9 hearing, the Debtors have filed a motion to estimate that contemplates an expedited adjudication in this Court of all of the Ad Hoc Subrogation Claims – which are greater than $20 billion – over the next four months. Inclusion of the proposed language will only slow down and complicate any litigation that occurs in this Court, and for no good reason: the Debtors have yet to identify any categories of documents that would harm them if shown to Subrogation Counsel, and the only potential harm they have identified – that Subrogation Counsel has represented clients against PG&E in litigation, and might do so again – was correctly rejected by this Court. (*Id.*; Omnibus Hr. Tr. at 104:10 – 21.) In any event, the language the Debtors seek is unnecessary – the Protective Order already contains a provision (Section 13.4) that allows a party to seek modification of the Protective Order. *See* Protective Order at § 13.4 ("Nothing herein shall preclude a Party from applying at any time … to the Court for relief from … any or all of the provisions of this Order.") If circumstances arise that warrant additional restrictions, they have a mechanism to seek relief from the Court.

***Second***, the Debtors seek to include a page-long list of law firms who are "Subrogation Counsel" in the middle of a protective order that governs all parties and document productions in these cases. There is no reason to do so. The Ad Hoc Subrogation Group has already given the Debtors a list of Subrogation Counsel, and any firm wishing to gain access to documents will be signing the Acknowledgment and Agreement to Be Bound, returning it to the Debtors. Thus, there is no ambiguity about which counsel will be receiving documents. The names of the law firms who are Subrogation Counsel are unnecessary and irrelevant to the vast majority of the parties in these cases, and need not be included in the order. To the extent the Court so orders the Debtors' proposal, however, the Ad Hoc Subrogation Group respectfully requests that the following sentence be added at the conclusion of the Debtors' proposed language: "The list of Subrogation Outside Counsel at Exhibit B can be amended or supplemented, provided that the Debtors are given notice and any additional subrogation counsel sign and return the Acknowledgment and Agreement to Be Bound."

Respectfully submitted,

/s/ *Benjamin P. McCallen*

Benjamin P. McCallen